NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERCEDES PATRICIA RIVERA-PAREDES; et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 21-979<br><br>Agency Nos.<br>A209-291-319<br>A209-291-320<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2026**

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Mercedes Patricia Rivera-Paredes, and her son, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' order

affirming without opinion an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

The agency did not err in finding that petitioners did not show they are members of a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). We reject as unsupported by the record petitioners' contention that the agency did not properly analyze their proposed particular social group. Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Petitioners do not challenge the agency's denial of CAT relief, so we do not

address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**